### STATE v. BLOZ

Ohio Appeals, 9th Dist., Summit Co.

No. 1275. Decided Jan. 27, 1927

799. MUNICIPALITIES—An attorney employed by a municipality under and by virtue of GC. Sec. 6212-37 is not authorized by 13764 GC. to bring and prosecute on behalf of the State of Ohio, a proceeding in error in the Court of Appeals to reverse a judgment of the Court of Common Pleas reversing a judgment of a mayor's court finding a person guilty of the unlawful possession of intoxicating liquor in violation of a state statute.

**First Publication of this Opinion**

WASHBURN, J.

Mike Bloz a resident of Akron was convicted of unlawful possession of intoxicating liquors by a Mayor's court. Error was prosecuted to the Summit Common Pleas where the conviction was reversed and Bloz discharged.

The case was prosecuted in the Mayor's Court and the Summit Common Pleas by an attorney, Edward Heizer, who was in the employ of the village under and by virtue of Sec. 6216-37 GC. Said attorney filed a petition in error in this Court on behalf of the State to obtain a review of the judgment of the Summit Common Pleas. Attorney for Bloz filed a motion to dismiss this proceeding for want of jurisdiction, the ground being the such attorney is without authority to bring and prosecute such proceedings. Upon the motion the Court of Appeals held:

1. Sec. 13764 GC. provides "whenever a court superior to the trial court, renders judgment adverse to the state, in a criminal case or proceeding, error may be prosecuted to reverse said judgment in the next higher court by either the prosecuting attorney or attorney general. If such conviction has been for a violation of a municipal ordinance, such proceedings in error may be brought by the solicitor of the municipality."

2. It is admitted that this was not a conviction under a municipal ordinance so the last part of 13764 GC. does not apply. The rest of the statute refers specifically to whom may bring an action, and no where is Heizer qualified.

3. It is claimed, however, that it is otherwise "provided by law" under and by virtue of 6212-37 GC., which reads:—"The council of any city or village may appropriate the necessary funds, for the purpose of hiring attorneys, detectives, or secret service officers to secure the enforcement of the prohibition laws.

"The appointment of attorneys, detectives of secret service officers shall be for a definite term at a definite salary and not on a percentage basis.

4. This section was originally passed as a part of an act to provide for the appointment of a commissioner of prohibition, the first sixteen sections relating to this matter, and the remainder of the act having no relation except that it is on the general subject of prohibition enforcement.

5. An attorney so employed is not a public officer of any kind, either of the state or the municipality, he is simply an employee "hired" not by the state but by the village, for a fixed time and a fixed salary, to enforce the prohibition laws.

6. A lawyer hired under this section has authority to represent the municipality in prosecutions for the violation of liquor ordinances passed by the municipality where he is employed and to represent the state in prosecutions in such municipality, but not otherwise. tions for the violation of State laws which are

7. Holding these views the proceeding is dismissed for want of jurisdiction.

(Pardee, PJ., and Funk, J., concur.)

Attorneys—Alex. Greenbaum for Bloz and Ed. Heizer for State; both of Akron.

---

## No. 135

### LEE LASH CO. v. TOLEDO TRANS. CO.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1775. Decided Jan. 24, 1927

488. EXECUTORY CONTRACTS—Where one party to an executory contract requests that it be cancelled, the other party must cease performance and its remedy would be for what damages it might have by reason of the cancellation of the contract; and the remedy is not on an account.

**First Publication of this Opinion**

CULBERT, J.

The Lee Lash Co. brought an action against the Toledo Transfer Co. in the Toledo Municipal Court on an account for advertising material in the way of placing an advertisement in one of the local theatres, "for any or all of 104 weeks." After a year's service had been rendered, the Transfer Co. cancelled the contracts by letter; but the plaintiff refused to cancel and continued the service up to the end of the period for which it claims the contracts provided.

Judgment was rendered in favor of the Transfer Co. and the Lucas Common Pleas affirmed this judgment. Error proceedings were prosecuted to reverse the judgments below and the Court of Appeals held:

1. This action is based upon executory contracts and is for services rendered and advertising furnished after the direction for cancellation by defendant had become effective.

2. It is a general rule that where a contract is executory, a party has the power to stop the performance on the one side by explicit direction to that effect, subjecting himself to such damages as will compensate the other party for being stopped in the performance on his part at that stage in the execution of the contract. The party thus forbidden, cannot thereafter go on an thereby increase the damages and recover such increase from the other party.

3. Hence when notice not to proceed with the work under the contracts is given, the only remedy plaintiff in this case would have would be for what damages it might have suffered by reason of the cancellation of the contracts on part of the defendant, and it is not an action on account.

Judgment affirmed.

(Richards & Williams, JJ., concur.)

Attorneys—Fritsche, Kruse & Winchester for Lash Co.; John C. Cochran and J. E. Farber for Transfer Co.; all of oTledo.